UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ALLEN TONY DAVIS and RODNEY FOSTER,

        Plaintiffs,
  v.                                      Case No. 08-CV-504

WARDEN RICHARD SCHNEITER, PETER HUIBREGTSE,
GARY BOUGHTON, CAPTAIN LEBBEUS BROWN,
SERGEANT BRIAN LANGE, CAPTAIN MASON,
and JOHN DOE,

        Defendants.
_____

# ORDER

On July 1, 2008, *pro se* plaintiffs Allen Tony Davis and Rodney Foster filed a complaint pursuant to 42 U.S.C. § 1983, alleging that their civil rights were violated by the defendants, sergeants and deputies at the Green Bay Correctional Institution. The plaintiffs have also filed separate requests for leave to proceed in forma pauperis. Davis has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), and his request will be denied. Foster has not accumulated three "strikes" and his request to proceed in forma pauperis will be granted.

Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $350.00 in full for this action. 28 U.S.C. § 1915(b)(1). In forma pauperis status, if granted, would allow the plaintiff to pay the filing fee in increments and would preclude dismissal of this action solely for the plaintiff's inability to pay the initial partial filing fee. 28 U.S.C. § 1915(b).

The PLRA provides, however, that if a prisoner has filed three or more actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. The precise language of 28 U.S.C. § 1915(g) is as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

Davis has filed 17 lawsuits in this district. Several of these cases were dismissed on the merits: 1) *Davis v. Clusen, et al.*, Case No. 91-CV-74, dismissed on July 24, 1992; 2) *Davis v. Goodrich, et al.*, Case No. 94-CV-476, dismissed on October 11, 1995; 3) *Davis v. Blumenberg and Turluck*, Case No. 95-CV-701, dismissed on February 21, 1996; and, 4) *Davis v. Artison, et al.,* Case No. 95-CV-725, dismissed on June 6, 1996. Accordingly, Davis may only proceed in forma pauperis in this case if he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat must be real and proximate, and the potential consequence must be serious physical injury. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the

complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citations omitted). In addition, courts deny leave to proceed in forma pauperis when a prisoner's claims of imminent danger are conclusory or ridiculous. *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger). However, § 1915(g) is not a vehicle for determining the merits of a claim, but rather a simple statutory provision governing when a prisoner must pay the filing fee for his or her claim. *See Ciarpaglini*, 352 F.3d at 331.

In enacting the PLRA, Congress intended to discourage the filing of frivolous in forma pauperis lawsuits. Congress included the "three strikes" provision in the PLRA to prevent continued free rides for a person in custody who has been flooding the courts with frivolous and vexatious litigation. The court is aware that sometimes frequent filers undermine this goal by simply using the words "imminent danger" in their complaints. However, Davis does not even appear to be alleging that he is in imminent danger; indeed, he is seeking compensatory and punitive damages for harms that occurred in 2007, which clearly undermines any possible argument that he is in imminent danger.

In the instant case, the court cannot reasonably infer imminent danger of serious physical injury from the facts alleged. Davis' allegations refer to a past injury that has not recurred, and pursuant to prevailing circuit law, a past injury that has not recurred does not justify in forma pauperis status. *See Ciarpaglini,* 352 F.3d at 330 (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once is not imminent danger); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger)).

The court concludes that the facts alleged in the complaint, taken as true, are insufficient to show that Davis is in imminent danger of serious physical injury and thus he is ineligible for the exception to the "three strikes" provision under 28 U.S.C. § 1915(g). Accordingly, in forma pauperis status will not be granted. Davis may still proceed with this action, but to do so he must pay the full amount of the $350.00 filing fee to the clerk of court within 20 days from the date of this order or his case will be dismissed without prejudice and without further notice from the court.

As explained above, Davis has filed 17 lawsuits in this district. He continues to file civil rights actions seeking leave to proceed in forma pauperis despite his large debt to the court.

However, Davis' co-plaintiff, Foster, has not incurred three "strikes" and upon review of his filings, the court will grant Foster's request for IFP status. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified

copy of the prisoner's trust account statement showing transactions for the prior six months. See 28 U.S.C. § 1915(a)(2). The court then will assess and, when funds exist, collect from the prisoner at the time the action or appeal is filed an initial partial filing fee. The initial partial filing fee is 20 percent of either the average monthly deposits to or average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint or appeal, whichever is greater. See 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of 20 percent of the preceding month's income ("income" consists of all deposits from whatever source, including gifts and bequests, *see Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998)) until the filing fee is paid in full, see 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. See 28 U.S.C. § 1915(b)(2). The prisoner is obligated to pay the entire $350.00 filing fee whether or not this action is later dismissed by the court or otherwise resolved.

Along with his request to proceed in forma pauperis, Foster filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that for the six-month period immediately preceding the filing of his complaint, the average monthly deposit to Foster's prison account was $56.10 and the average monthly balance of the account was $696.55. Thus,

-5-

in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Foster is required to pay an initial partial filing fee of $139.31. Subsequent payments will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2).

Accordingly,

**IT IS ORDERED** that Davis' motion to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**; the plaintiff shall pay the full amount of the $350.00 filing fee within 20 days from the date of this order or he will be dismissed as a plaintiff from this case without prejudice and without further notice from the court;

**IT IS FURTHER ORDERED** that Foster's motion to proceed in forma pauperis (Docket #3) be and the same is hereby **GRANTED**; within 20 days of the date of this order, Foster shall forward to the clerk of this court the sum of $139.31 as an initial partial filing fee in this action.

The plaintiff's failure to comply with this order may result in dismissal of this action. A copy of this order will be sent to the warden of Green Bay Correctional Institution and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, WI 53707-7857.

Dated at Milwaukee, Wisconsin, this 13th day of August, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge